The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
You have presented the following question for my opinion:
 Is it permissible to allow a concealed handgun permit carrier to carry a handgun onto a college campus but not into any of the campus buildings?
RESPONSE
It is my opinion that a concealed handgun permit carrier may carry a handgun onto a college or university campus if the licensed carrier does not carry the handgun into any college or university "event" (whether the event is held inside a campus building or not), and if the carrier does not carry the handgun into any of the campus buildings. However, if the institution in question has elected to prohibit the carrying of concealed handguns into its property by the posting of signs to that effect, no handguns may be carried in any property of the institution, even by licensed handgun carriers. (It should be noted that these conclusions do apply to situations in which the handgun carrier is attending a firearms-related activity.)
I base the above stated conclusions on the history of the laws concerning the carrying of concealed handguns. In 1989, the legislature enacted Act 649, which strictly prohibited the carrying of handguns in certain designated locations. The part of that act that is pertinent to the issue you have raised is codified at A.C.A. § 5-73-119(a)(3), which states:
 (3)(A) No person in this state shall possess a handgun upon the property of any private institution of higher education or the publicly supported institutions of higher education in this state on or about his person, in a vehicle occupied by him, or otherwise readily available for use with a purpose to employ it as a weapon against a person.
 (B) A violation of subdivision (a)(3)(A) of this section shall be a Class D felony.
A.C.A. § 5-73-119(a)(3).
In 1995, the legislature enacted the "concealed handgun" law, Act 411 of 1995, now codified at A.C.A. § 5-73-301 et seq., which permits persons to carry concealed handguns in certain places if they are duly licensed to carry concealed handguns. Although Act 411 authorized the carrying of concealed handguns with a license, the act also designated certain places into which concealed handguns cannot be carried, even if the carrier has a concealed handgun license. Among the places listed by Act 411 into which the carrying of concealed weapons was to be prohibited was the following:
 (14) Any school, college, community college, or university campus building or event, unless for the purpose of participating in an authorized firearms-related activity;
A.C.A. § 5-73-306(14) (originally enacted as a part of Act 411 of 1995).
It should be noted that this designated prohibited location is much narrower in scope than the prohibited location described in A.C.A. §5-73-119(a)(3)(A). Whereas A.C.A. § 5-73-119(a)(3)(A) prohibits the carrying of handguns into any property of a public institution of higher education, A.C.A. § 5-73-306(14) prohibits the carrying of concealed handguns only in college and university buildings and events. It is therefore necessary to reconcile the wide prohibition of A.C.A. §5-73-119(a)(3)(A) with the more narrow prohibition of A.C.A. §5-73-306(14).
When the construction of a statute is at issue, the General Assembly will be presumed to have enacted the statute with full knowledge of prior legislation on the same subject. See, e.g., Davis v. Old Dominion FreightLine, Inc., 341 Ark. 751, 20 S.W.3d 326 (2000). Accordingly, the General Assembly will be presumed to have enacted the more narrow language of A.C.A. § 5-73-306(14) with full knowledge of the existing broader language of A.C.A. § 5-73-119(a)(3)(A). It follows that we must presume that the General Assembly intended to create a narrower scope of college and university locations into which handguns cannot be carried. The effect of this presumption is that we must read Act 411 as impliedly repealing (for licensed handgun carriers) the portion of A.C.A. §5-73-119(14) that prohibits the carrying of concealed handguns onto college or university campuses outside the buildings and when the carrier is not attending any college or university "event." Under this reading of the statutes, licensed handgun carriers may carry handguns onto college and university campuses, but may not carry the handgun into any college or university buildings, and may not carry the handgun to any college or university event (whether inside a building or not). (Again, this conclusion does not apply to situations in which the carrier is attending a firearm-related activity.)
My interpretation is bolstered by the principle that penal statutes are to be construed narrowly and that doubts must be resolved in favor of defendants. Williams v. State, 347 Ark. 728, 67 S.W.3d 548 (2002). Because A.C.A. § 5-73-119(14) is penal in nature (violation being classified as a Class D felony), I must read it narrowly and resolve all doubts in favor of defendants. The language of A.C.A. § 5-73-306(14) provides a reasonable basis for such a reading.
An important limitation upon the conclusion discussed above is that it does not apply to colleges and universities that have chosen to prohibit the carrying of handguns onto college or university property by the posting of signs to that effect in accordance with A.C.A. § 5-73-306(b). Even though the statutes, as worded, permit the carrying of concealed handguns onto certain portions of college or university property as discussed above, colleges and universities have the authority to prohibit the carrying of concealed handguns onto any part of their property. This authority arises out of the provisions of A.C.A. § 5-73-306(b), which states:
 (b)(1)(A) In addition to the places enumerated in this section, the carrying of a concealed handgun may be disallowed in any place at the discretion of the person or entity exercising control over the physical location of the place by placing at each entrance to the location a written notice clearly readable at a distance of not less than ten feet (10') that "carrying a handgun is prohibited".
 (B) If the location does not have a roadway entrance, there must be a written notice placed anywhere upon the premises, except that there must be at least one (1) written notice posted within every three (3) acres of a location with no roadway entrance.
A.C.A. § 5-73-306(b).
If an institution has opted to prohibit the carrying of handguns on all campus property in accordance with this provision, no handguns will be permitted on that institution's property even if carried by persons who have concealed handgun permits.
I must note one other matter that is pertinent to this issue. Both A.C.A. § 5-73-119 and A.C.A. § 5-73-306 have been amended over the years, and both have retained the original wording of the specific provisions discussed above (i.e., the language codified at A.C.A. § 5-74-119(a)(3)(A) and the language codified at A.C.A. § 5-73-306(14). This fact gives rise to confusion regarding this issue. Although the broader language of A.C.A. § 5-73-119(a)(3)(A) must be retained since it continues to be applicable to persons who do not have concealed handgun permits, the limitation on that provision by A.C.A. § 5-73-306(14) remains unstated. If this deficiency were addressed by the General Assembly, considerable confusion could be eliminated.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General